**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EDISON MEDINA GOMEZ,

                                        Petitioner,

    v.

KRISTI NOEM, *et al.*,

                                        Respondents.

Case No. 26-cv-00134-BAS-VET

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 4)**

Petitioner Edison Medina Gomez filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 4.)  The Petition alleges: (1) his re-detention after being paroled into the country violates the Administrative Procedure Act ("APA") because it was "arbitrary and capricious" under 5 U.S.C. § 706(2)(A); (2) the failure of Immigration and Customs Enforcement ("ICE") to notify Petitioner of the reasons for revoking his parole violates his due process rights; and (3) his detention in immigration custody has been unnecessarily prolonged.  (*Id.*)

Respondents filed a Return.  (ECF No. 7.)  In the Return, Respondents argue Petitioner failed to exhaust his administrative remedies because he has a pending appeal of

- 1 -

26cv0134

his bond denial. (*Id.*) Respondents do not address the argument that Petitioner's re-detention violates the APA or his due process rights. (*Id.*)

Petitioner filed a Traverse. (ECF No. 8.) In the Traverse, Petitioner withdraws the last ground seeking release for prolonged detention and relies solely on the unaddressed issues of the APA and alleged due process violations.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner was born in Venezuela and became involved in Proyecto Venezuela, a political party opposed to the Venezuelan government. (Amended Pet., Ex. A, ECF No. 4-1, at ¶ 1.) He came to the United States in 2023 and applied for asylum. (*Id.* ¶¶ 2–3.) He was paroled into the United States pending a hearing on his asylum claim. (ECF No. 4.) He attended all court hearings. (*Id.*) Two weeks before his asylum hearing, on May 29, 2025, without notice or explanation, ICE arrested him as he was leaving immigration court for a scheduled hearing. (*Id.*) It is not clear whether his parole was officially revoked, and, if so, why. He has now been detained for eight months.

## III. ANALYSIS

### A. Violation of the APA

Under the APA, a reviewing court shall "hold unlawful and set aside agency action . . . found to be— [] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. §

26cv0134

706(2)(A), (D).  "[A]n agency's action can only survive arbitrary or capricious review where it has articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144 (D. Or. 2025) (citing *Alliance for the Wild Rockies v. Petrick*, 68 F.4th 475, 493 (9th Cir. 2023)).  Although the court "is not to substitute its judgment for that of the agency," *Persian Broad. Serv. Glob., Inc. v. Walsh*, 75 F.4th 1108, 1111–12 (9th Cir. 2023), and the scope of the review is narrow, "[a] court 'may not infer an agency's reasoning from mere silence,'" *Y-Z-L-H*, 792 F. Supp. 3d at 1144 (quoting *Arlington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008)).

Section 1182 allows the Secretary of Homeland Security, in her discretion, to temporarily parole a noncitizen into the United States.  8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served, the alien shall forthwith return or be returned to the custody from which he was paroled." *Id.*

In this case, the purpose of Petitioner's parole into the United States was to allow him to pursue his asylum claim.  This purpose has not yet been served.  Nor did either the Secretary or the Respondents attempt to claim otherwise.  Instead, there is deafening silence as to the reason for revoking Petitioner's parole.  The fact that the Government in its Return makes no attempt to justify the decision or argue that the APA was not violated could be construed as a concession that the parole revocation had no justification.  *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal 2013) (finding an argument was conceded where defendant failed to address it in its opposition); *Sportcare of Am., P.C. v. Multiplan, Inc.*, No. 2:10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").  There is no attempt to address Petitioner's claim that the decision was arbitrary and capricious.  Instead, Respondents argue Petitioner is lawfully detained under 8 U.S.C. § 1226(a) without addressing the fact that his parole into the United States was abruptly

26cv0134

withdrawn without explanation.  Without further explanation, the Court finds the decision to revoke Petitioner's parole was "arbitrary and capricious."

In addition, the decision to revoke Petitioner's parole was made "without observance of procedure required by law."  5 U.S.C. § 706(2)(D).  Parole may be terminated "upon accomplishment of the purpose for which parole was authorized or when in the opinion [of designated] officials . . . neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States," but it requires written notice to the individual who received parole.  8 C.F.R. § 212.5(e)(2).  Since Petitioner received no such written notice, nor in fact any notice whatsoever, the Court similarly finds the revocation violates the APA.

### B.    Exhaustion of Administrative Remedies

Respondents argue Petitioner has failed to exhaust his administrative remedies. After his parole was revoked, Petitioner was given the opportunity to argue before an Immigration Judge that he was entitled to release under 8 U.S.C. § 1226(a).  Despite the fact that he had appeared for every court hearing scheduled when he had been paroled into the country, the Immigration Judge ruled he was now a flight risk. (ECF No. 7-1, Ex. 3.) He appealed this decision to the Board of Immigration Appeals ("BIA"), which has been pending since July of last year.  (*Id.* Ex. 4.)

Where Congress specifically mandates exhaustion of administrative remedies, such exhaustion is required before a habeas petition may be filed.  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). However, "where Congress has not clearly required exhaustion, sound judicial discretion governs."  *Id.*

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'"  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

26cv0134

Nonetheless, even if these three factors weigh in favor of prudential exhaustion, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  Federal courts considering exhaustion should consider "the interest of the individual in retaining prompt access to a federal judicial forum" against the above countervailing institutional interests favoring exhaustion.  *McCarthy*, 503 U.S. at 146.

In this case, Congress has not specifically mandated administrative exhaustion. Petitioner's appeal to the BIA does not address the original decision to revoke his parole or Respondents' violation of the APA.  Thus, agency expertise is not necessary to generate a proper record, nor does allowing the case to go forward encourage deliberate bypass of any administrative scheme.  Since the appeal addresses bond under § 1226(a) and not the revocation of Petitioner's parole, the BIA appeal is not likely to lead to any correction of mistakes.  Furthermore, the appeal has been pending for seven months without any resolution in sight.  Since the appeal is unlikely to resolve the issues posed in this habeas petition and Petitioner is suffering irreparable injury by remaining in immigration custody without resolution, the Court finds prudential exhaustion is not necessary.

## C.    Due Process and Prolonged Detention

In light of the Court's finding that Respondents violated the APA when they revoked Petitioner's parole into the country before the purpose of the parole had been served and without any explanation, the Court finds the other grounds for release to be moot.

//
//
//
//
//

- 5 -

26cv0134

## IV.   CONCLUSION

For the reasons stated above, Petitioner Edison Medina Gomez's Amended Petition for Writ of Habeas Corpus is **GRANTED** (ECF No. 4).  The Court issues the following writ:

> The Court **ORDERS** Edison Medina Gomez (A#245-155-680) released immediately on the same terms and conditions that he was released on parole in 2023.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 6 -

26cv0134